UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANNA CHILDERS                                                                          PETITIONER
ADC #712009

V.                                    NO. 5:17CV00267-JLH-JTR

WENDY KELLEY, Director,                                                          RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Anna Childers ("Childers"), an Arkansas Department of Correction ("ADC") inmate. *Doc. 2*. Before addressing Childers's habeas claims, the Court will review the procedural history of the case in state court.

On April 17, 2015, a Grant County Circuit Court jury convicted Childers of delivery of methamphetamine, possession of drug paraphernalia, and unauthorized use of another person's property to facilitate a crime. She was sentenced, as a habitual offender, to twenty years of imprisonment on each of the three convictions, to be served consecutively. *Doc. 2 at 1*; *see State v. Childers,* Grant Co. Cir. Ct. Case No. CR 14-109 (accessible at https://caseinfo.aoc.arkansas.gov).

On May 4, 2015, Childers filed a notice of appeal to the Arkansas Court of Appeals. On June 8, 2015 -- while her direct appeal was pending -- Childers filed two *pro se* petitions in the trial court: (1) a state petition for writ of habeas corpus; and (2) a petition to correct illegal sentence under Ark. Code Ann. § 16-90-111. On June 17, 2015, the trial court entered separate orders denying the petitions on the ground that they failed to raise cognizable claims.[1] *State v. Childers, supra.*

On August 31, 2016, the Arkansas Court of Appeals affirmed Childers's convictions. *Childers v. State*, 2016 Ark. App. 371, 498 S.W.3d 742. She then had eighteen days, until September 18, 2016, to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a). Because September 18 fell on a Sunday, the deadline became Monday, September 19, 2016. *See* Ark. R. App. P.-

---

[1]On July 2, 2015, Childers filed a § 2254 Petition for Writ of Habeas Corpus in this Court. Because her direct appeal was still pending in the Arkansas Court of Appeals, the Court dismissed the § 2254 Petition, without prejudice, for failure to exhaust state-court remedies. *Childers v. Kelley,* E.D. Ark. No. 5:15cv00217-JTR (E.D. Ark. Sept. 21, 2015).

Crim. 17. Childers did *not* file a petition for review with the Arkansas Supreme Court.

After her convictions were affirmed, Childers did *not* seek any post-conviction relief in state court pursuant to Ark. R. Crim. P. 37.

On October 20, 2017, Childers filed this § 2254 habeas action.[2] She argues: (1) her trial and direct-appeal counsel were constitutionally ineffective; (2) her convictions were improperly based on circumstantial evidence; (3) a confidential informant's testimony for the state was "inadmissible"; and (4) the witness's testimony was not credible. *Doc. 2 at 4-5*.

Respondent has filed a Motion to Dismiss and a Brief in Support, arguing that Childers's claims should be dismissed because the § 2254 Petition is time-barred. *Docs. 6 & 7*. Although notified of her opportunity to file a Response to the Motion to Dismiss, Childers elected not to do so. *See Doc. 8*.

For the reasons that follow, the Court recommends that Childers's claims be dismissed as untimely.

---

[2] Although Childers signed her § 2254 Petition on October 16, 2017, she does not state the date she placed it in the prison mail system. *Doc. 2 at 7*. Thus, she is not entitled to the benefit of the "prison mailbox rule." Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (timely inmate filing may be shown "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit [in the institution's internal mailing system] and state that first-class postage has been prepaid"); *Henderson-El v. Maschner,* 180 F.3d 984, 985-86 (8th Cir. 1999) (federal habeas petitioner cannot avail himself of the benefits of the prison mailbox rule unless he proffers evidence of the date that he delivered his petition to prison officials for mailing). However, even if Childers were allowed to receive the four days granted by the prison mailbox rule, it would *not* make her § 2254 Petition timely.

## II. Discussion

### A.     Calculation of Limitations Period

A state prisoner seeking to challenge his or her state court conviction in federal court generally must file a petition for habeas relief within one year of the date the "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, the judgment becomes "final" when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see Johnson v. Hobbs,* 678 F.3d 607, 610 (8th Cir. 2012) (in cases decided by the Arkansas Court of Appeals, a conviction becomes "final" when the prisoner can no longer file a petition for review with the Arkansas Supreme Court).

On August 31, 2016, the Arkansas Court of Appeals affirmed Childers's convictions. Because she elected not to seek discretionary review from the Arkansas Supreme Court, her convictions became "final" on September 20, 2016, when she could no longer seek review from that Court.[3] Childers then had one year, until September 20, 2017, to seek federal habeas relief.

---

[3] *See Johnson,* 678 F.3d at 610 & n.3 (state conviction became "final" when the prisoner "could no longer seek review" from the Arkansas Supreme Court, *i.e.*, the day after the deadline for filing a petition for review with that court); *King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

Childers did not initiate this § 2254 action until October 20, 2017, thirty days *after* the statute of limitations expired. Thus, her § 2254 Petition is barred as untimely unless the Court determines that statutory or equitable tolling applies.

**B.     Tolling**

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Assuming that Childers's two *pro se* petitions were "properly filed,"[4] they were pending for only ten days, June 8 through June 17, 2015. Giving Childers the benefit of ten days of statutory tolling would *not* make her § 2254 Petition timely.

Finally, Childers is not entitled to equitable tolling of the one-year limitations period. She has not demonstrated that she exercised reasonable diligence in initiating

---

[4]The trial court dismissed both petitions because they raised claims that were not cognizable, and its order did not address whether those petitions were "properly filed" for § 2244(d)(2) tolling purposes. *See Artuz v. Bennett,* 531 U.S. 4, 8-9 (2000) (application is "properly filed" when its delivery and acceptance are in compliance with the laws and rules governing filing, such as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee; this question is "quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar").

Nonetheless, it appears that neither of Childers's petitions was "properly filed." According to the Grant County Circuit Court records, she filed her state habeas petition in the trial court (Grant County), when she was incarcerated at that time in Pulaski County. *State v. Childers, supra*; *see Lewis v. Norris,* 454 F.3d 778, 781 (8th Cir. 2006) (Arkansas state habeas petition is not "properly filed," for § 2244(d)(2) purposes, if it was not filed in the county of incarceration, even if the state court dismissed on another basis). In addition, Childers's § 16-90-111 petition was premature because she filed it while her direct appeal was pending. *See Jenkins v. State,* 2017 Ark. 288 at 3, 529 S.W.3d 236, 237 (§ 16-90-111 petition challenging imposition of a sentence is subject to Rule 37's time limitations); Ark. R. Crim. P. 37.2(a) (while a direct appeal is pending, "no proceedings under this rule shall be entertained by the circuit court"); *Johnson,* 678 F.3d at 610-11 (Rule 37 petition filed before Arkansas Court of Appeals issued mandate in direct appeal was not "properly filed" under § 2244(b)(2)).

5

this § 2254 action, and she alleges no "extraordinary circumstances" which prevented her from bringing a timely habeas petition. *See Holland v. Florida,* 560 U.S. 631, 645, 649 (2010) (habeas petitioner is entitled to equitable tolling of the statute of limitations if he shows that he has been "pursuing his rights diligently" but that "some extraordinary circumstance stood in his way and prevented timely filing"). The Eighth Circuit has made it clear that equitable tolling is *not* justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Johnson,* 678 F.3d at 611; *Shoemate v. Norris,* 390 F.3d 595, 597-98 (8th Cir. 2004).

Accordingly, Childers is not entitled to any statutory or equitable tolling.

### III. Conclusion

For the foregoing reasons, this Petition should be denied in its entirety as untimely. IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's Motion to Dismiss, *Doc. 6,* be GRANTED;

2. This 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DENIED, and this habeas action be DISMISSED, WITH PREJUDICE; and

3. A Certificate of Appealability be DENIED; *see* 28 U.S.C. § 2253(c); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 2nd day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE